Kathleen C. Jeffries (State Bar #110362)
kjeffries@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790

Attorneys for Plaintiff
THREE SONS, INC. dba AMERICAN MEAT COMPANIES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THREE SONS, INC. dba AMERICAN MEAT COMPANIES, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FELIX EXPRESS INC., a California corporation; V LINE INC., a New York corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR STATUTORY LIABILITY FOR DAMAGE TO CARGO (49 U.S.C. § 14706) |

Plaintiff Three Sons, Inc. dba American Meat Companies ("plaintiff AMC") hereby alleges that:

PRELIMINARY ALLEGATIONS

1.    At all times herein mentioned, plaintiff AMC has been and now is a corporation duly organized and existing under and by virtue of the laws of the state of California, engaged in business in California and on a nationwide basis as a meat producer.

/ / /

/ / /

/ / /

1

2.     At all times herein mentioned, defendant Felix Express Inc. ("Felix Express") was a corporation duly organized and existing under and by virtue of the laws of the state of California and licensed by the Federal Motor Carrier Safety Administration to operate as a for-hire motor carrier of property in interstate and foreign commerce throughout the United States, including within this judicial district.

3.     At all times herein mentioned, defendant V Line Inc. ("V Line") has been and now is a corporation duly organized and existing under and by virtue of the laws of the state of New York and licensed by the Federal Motor Carrier Safety Administration to operate as a for-hire motor carrier of property in interstate and foreign commerce throughout the United States, including within this judicial district.

4.     The true names and capacities of defendants sued herein as Does 1 through 20, inclusive, are unknown to plaintiff AMC who therefore sues said defendants by such fictitious names.  Plaintiff AMC will amend its complaint to show their true names and capacities when the same have been ascertained.

5.     Plaintiff AMC is informed and believes and based upon such information and belief alleges that, at all times herein mentioned, each of the defendants was the agent or employee of each of the remaining defendants and acting within the course and scope of such agency or employment.

6.     The jurisdiction of this Court over the subject matter of this action is predicated upon 28 U.S.C. § 1337 in that the claims against defendants arise out of an Act of Congress regulating commerce, to wit, the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706) and raise a matter in controversy of over $10,000.00.

/ / /

/ / /

2

COMPLAINT FOR STATUTORY LIABILITY FOR DAMAGE TO CARGO (49 U.S.C. § 14706)

7.     Venue is proper pursuant to 49 U.S.C. § 14706(d) on the ground that the transportation services on which this action is based originated in this judicial district and that defendants operate in this judicial district.

8.     On or about July 26, 2019, defendant Felix Express accepted a written request from American Logistics Group, Inc. on behalf of plaintiff AMC to transport, as a motor carrier, a shipment of frozen meat from plaintiff AMC's facility in Fullerton, California for deliveries of designated portions thereof to three consignees at three destinations: 144 cases to Renzi Bros. in Watertown, New York, 131 cases to HPC Foodservice in South Windsor, Connecticut and 134 cases to Sysco Foodservice in Westbrook, Maine.  Per the terms of the written instructions, pick-up was required to be made from plaintiff AMC's facility on July 26, 2019 and the deliveries were to be made on July 30, 2019 to New York and July 31, 2019 to Connecticut and Maine.

9.     Defendants were expressly instructed through the bills of lading for each of the designated deliveries that the temperature of the product was to be maintained between 0 degrees and ten degrees below zero.  Defendants were further instructed that the products were to be delivered by the designated delivery dates due to plaintiff AMC's customers' urgent needs and that the product was not to be subcontracted or transloaded without prior permission of plaintiff AMC.

10.     On July 26, 2019, defendant Felix Express or others retained by Felix Express received said shipment for transportation from California to the East Coast on the designated delivery schedule.

11.     Defendants were obligated to safely transport said shipment and deliver it in a timely manner and in the same good condition as when received by said defendants.

12.     Said defendants, however, failed to satisfy such obligations with respect to said shipment.  To the contrary, all three portions of the shipment were

3

rejected by the respective consignees based on the facts that the requisite temperature of the product was not maintained and that the product exhibited signs of deterioration and/or spoilage.

13.    Moreover, the attempted deliveries of the shipment were made by defendant V Line rather than Felix Express, the entity that committed to handling the transportation, and in a truck other than that on which the shipment had been picked up from plaintiff AMC in California.  On information and belief, plaintiff AMC alleges that Felix Express, in breach of the express prohibition against subcontracting the transportation duties and without the knowledge or consent of plaintiff AMC, transferred possession of the shipment and delegated responsibility for the deliveries of the shipment to V Line.

14.    Pursuant to the provisions of 49 U.S.C. § 14706 (known as the Carmack Amendment, the law governing the liability of interstate motor carriers), defendants are strictly liable for damage to the entire shipment.

15.    As a result of said damage, plaintiff AMC suffered a financial loss of $72,880.34 comprised of $19,532.52 for the New York portion of the shipment, $22,874.53 for the Connecticut portion of the shipment and $30,473.29 for the Maine portion of the shipment (the invoice price of each such portion).

16.    Plaintiff AMC therefore seeks recovery in the sum of $72,880.34 from defendants, plus interest on said sum at the maximum lawful rate from July 26, 2019.

WHEREFORE, plaintiff Three Sons, Inc. dba American Meat Companies prays for judgment against defendants and each of them as follows:

1.    For the sum of $72,880.34 plus interest thereon at the maximum lawful rate from July 26, 2019;

/ / /

/ / /

4

COMPLAINT FOR STATUTORY LIABILITY FOR DAMAGE TO CARGO (49 U.S.C. § 14706)

2. For plaintiff's costs of suit incurred herein; and

3. For such other and further relief as this Court deems proper.

Dated:  October 12, 2021                SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP


By:    /s/ Kathleen C. Jeffries
       Kathleen C. Jeffries
       Attorneys for Plaintiff
       THREE SONS, INC. dba AMERICAN MEAT COMPANIES

4818-2373-8096, v. 1

5

COMPLAINT FOR STATUTORY LIABILITY FOR DAMAGE TO CARGO (49 U.S.C. § 14706)